IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| KELLY COBB, for and in behalf of herself and others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | |
| SUNTRUST BANK, | ) ) | _____ |
| Defendant. | ) ) | |

**COMPLAINT - *COLLECTIVE ACTION***

Plaintiff KELLY COBB ("PLAINTIFF"), for and in behalf of herself and others similarly situated and the class she seeks to represent, hereby states a claim for relief under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA"), on the grounds stated below.

*Jurisdiction and Venue*

1. This Court has original subject-matter jurisdiction (a) under 28 U.S.C. § 1331 because this action arises under the laws of the United States, and (b) pursuant to 29 U.S.C. § 216(b) because this is an action to recover the liability prescribed by 29 U.S.C. § 207.

2. Under 28 U.S.C. § 1391(b), venue is proper because a substantial part of the events or omissions giving rise to the claims in this action occurred Northern District of Georgia.

- 1 -

## *The Parties*

3. Plaintiff KELLY COBB is a citizen of the state of Georgia and the United States and resides Northern District of Georgia.

4. Defendant SUNTRUST BANK ("DEFENDANT") is a domestic bank formed under Georgia law doing business in the Northern District of Georgia.

5. DEFENDANT is subject to the personal jurisdiction of this Court.

6. DEFENDANT can be served by delivering a copy of the summons and of the complaint to its registered agent for service of process: Corporation Service Company, 40 Technology Pkwy South #300, Norcross, Georgia 30092.

## *Grounds for this Action*

7. PLAINTIFF is a former employee of DEFENDANT.

8. PLAINTIFF was employed by DEFENDANT from on or about October 5, 2015 to on or about January 26, 2018.

9. DEFENDANT compensated PLAINTIFF based on an hourly rate of pay.

10. PLAINTIFF was employed in DEFENDANT's Fraud Operations Regulation E Department as a fraud investigator performing fraud prevention and resolution.

11. PLAINTIFF's primary job duty was to investigate alleged frauds against DEFENDANT involving bank debit cards and checks.

12. DEFENDANT assigned PLAINTIFF a daily quota of fraud investigations that DEFENDANT required to be completed by the end of an 8-hour work day.

13. PLAINTIFF could not complete her assigned daily quota of fraud investigations in an 8-hour work day.

14. PLAINTIFF worked off the clock in order to try to complete her daily quota of fraud investigations.

15. DEFENDANT and DEFENDANT's management were aware that PLAINTIFF in fact worked off the clock:

(a) DEFENDANT's management observed PLAINTIFF working past PLAINTIFF's scheduled clock-out time;

(b) PLAINTIFF sent emails to DEFENDANT's management with attachments that showed job activity after the PLAINTIFF's clock-out time;

(c) PLAINTIFF sent emails to DEFENDANT's management after PLAINTIFF's clock-out time;

(d) DEFENDANT's management regularly reviewed PLAINTIFF's investigative files, which contained time-stamped materials

that PLAINTIFF had uploaded into those files showing job activity after PLAINTIFF's clock-out time.

16. At various times, PLAINTIFF worked in excess of 40 hours in workweek while employed by DEFENDANT as a result of having to work off the clock.

17. DEFENDANT and DEFENDANT's management were aware that PLAINTIFF worked in excess of 40 hours in a workweek.

18. DEFENDANT did not pay PLAINTIFF the proper overtime compensation for all the hours PLAINTIFF worked in excess of 40 hours in a workweek.

19. DEFENDANT did not pay PLAINTIFF all the overtime compensation properly due for work performed in excess of 40 hours in a workweek at the rate of 1.5 times PLAINTIFF's regular rate of pay.

20. At all times during PLAINTIFF's employment, PLAINTIFF was an "employee" of DEFENDANT within the meaning of 29 U.S.C. § 203(e)(1).

21. At all times during PLAINTIFF's employment, DEFENDANT was an "employer" within the meaning of 29 U.S.C. § 203(d).

22. At all times during PLAINTIFF's employment, DEFENDANT was not exempt from the overtime obligations for an "employer" under the FLSA.

23. Each year of PLAINTIFF's employment, DEFENDANT had an annual gross volume of sales made that was more than $500,000.

24. At all times during PLAINTIFF's employment, DEFENDANT had employees engaged in commerce within the meaning of the FLSA—who participated in the movement of persons or things in interstate commerce by regularly using the instrumentalities of interstate commerce in their work, such as the telephone, internet, and U.S. Mail, for interstate communications.

25. At all times during PLAINTIFF's employment, DEFENDANT was an enterprise engaged in commerce within the meaning of 29 U.S.C. 203(s)(1).

26. As DEFENDANT's employee, PLAINTIFF was engaged in commerce and was employed by an enterprise engaged in commerce within the meaning of the FLSA.

27. At all times during PLAINTIFF's employment, PLAINTIFF was covered by 29 U.S.C. § 207(a).

28. At all times during PLAINTIFF's employment, DEFENDANT classified PLAINTIFF's position as non-exempt for purposes of overtime compensation under the FLSA.

29. At all times during PLAINTIFF's employment, PLAINTIFF's position was not exempt for purposes of overtime compensation under the FLSA.

30. PLAINTIFF's primary job duties did not involve the exercise of independent judgment.

### *FLSA Collective-Action Allegations - Unpaid Overtime*

31. PLAINTIFF brings this action as a collective action pursuant to 29 U.S.C. § 216(b).

32. The Class that PLAINTIFF seeks to represent, called the "FLSA CLASS," is defined as:

> All current and former hourly paid and non-exempt employees **(a)** who worked in DEFENDANT's Fraud Operations Regulation E Department whose primary job duty was to investigate alleged frauds against DEFENDANT involving debit cards and checks, **(b)** at anytime from [three years prior to mailing date of Notice to class] to [Notice mailing date], and **(c)** who were not paid all overtime compensation properly due as required by federal law.

33. PLAINTIFF consents to participate in this collective action through PLAINTIFF's separately filed written consent.

34. PLAINTIFF seeks to bring all claims arising under the FLSA for and in behalf of PLAINTIFF individually and all other similarly situated employees in the FLSA CLASS who:

(a) were employees of DEFENDANT in any pay period falling within three chronological years immediately preceding the date on which

this action was initially filed and continuing thereafter through the date on which final judgment is entered in this action; and

    (b)    timely file, or have already filed, a written consent to be a party plaintiff to this action pursuant to 29 U.S.C. § 216(b).

35. PLAINTIFF and the FLSA CLASS members seek unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and attorney's fees and costs.

36. PLAINTIFF and the FLSA CLASS members are similarly situated.

37. All FLSA CLASS members were employed in DEFENDANT's Fraud Operations Regulation E Department.

38. DEFENDANT compensated all FLSA CLASS members based on an hourly rate of pay.

39. All FLSA CLASS members' primary job duty was to investigate alleged frauds against DEFENDANT involving bank debit cards and checks.

40. DEFENDANT employed approximately 40 individuals at any point in time in its Fraud Operations Regulation E Department whose primary job duty was to investigate alleged frauds against DEFENDANT involving bank debit cards and checks

41. DEFENDANT assigned all FLSA CLASS members a daily quota of fraud investigations that DEFENDANT required to be completed by the end of an 8-hour work day.

42. FLSA CLASS members could not complete their assigned daily quotas of fraud investigations in an 8-hour work day.

43. FLSA CLASS members worked off the clock in order to try to complete their daily quotas of fraud investigations.

44. DEFENDANT and DEFENDANT's management were aware that FLSA CLASS members in fact worked off the clock:

    (a) DEFENDANT's management observed FLSA CLASS members working past their scheduled clock-out times;

    (b) FLSA CLASS members sent emails to DEFENDANT's management with attachments that showed job activity after the FLSA CLASS members' clock-out times;

    (c) FLSA CLASS members sent emails to DEFENDANT's management after FLSA CLASS members' clock-out times;

    (d) DEFENDANT's management regularly reviewed FLSA CLASS members' individual investigative files, which contained time-stamped materials that FLSA CLASS members had uploaded into those files showing job activity after their clock-out times.

45. At various times, FLSA CLASS members worked in excess of 40 hours in workweek while employed by DEFENDANT as a result of having to work off the clock.

46. DEFENDANT did not pay FLSA CLASS members the proper overtime compensation for all the hours they worked in excess of 40 hours in a workweek.

47. DEFENDANT and DEFENDANT's management were aware that FLSA CLASS members worked in excess of 40 hours in a workweek.

48. DEFENDANT did not pay FLSA CLASS members all the overtime compensation properly due for work performed in excess of 40 hours in a workweek at the rate of 1.5 times the FLSA CLASS members' regular rates of pay.

49. DEFENDANT subjected PLAINTIFF and the FLSA CLASS members to a common policy, practice, plan or scheme that required or permitted them to perform uncompensated work for the benefit of DEFENDANT in excess of 40 hours per workweek.

50. DEFENDANT subjected PLAINTIFF and the FLSA CLASS members to a common policy, practice, plan or scheme that required or permitted them to work more than 40 hours during each workweek without paying these employees all their overtime compensation properly due.

51. PLAINTIFF and the FLSA CLASS members were not paid proper overtime compensation as required by 29 U.S.C. § 207(a) for all workweeks.

52. At all times during their employment, PLAINTIFF and each of the FLSA CLASS members was an "employee" of DEFENDANT within the meaning of 29 U.S.C. § 203(e)(1).

53. At all times during its employment of PLAINTIFF and the FLSA CLASS members, DEFENDANT was an "employer" within the meaning of 29 U.S.C. § 203(d).

54. At all times during its employment of PLAINTIFF and the FLSA CLASS members, DEFENDANT was not exempt from the overtime obligations for an "employer" under the FLSA.

55. In each year of PLAINTIFF and the FLSA CLASS member's employment, DEFENDANT had an annual gross volume of sales made that was more than $500,000.

56. At all times during its employment of PLAINTIFF and the FLSA CLASS members, DEFENDANT was an enterprise engaged in commerce within the meaning of 29 U.S.C. 203(s)(1).

57. As DEFENDANT's employees, PLAINTIFF and the FLSA CLASS members were engaged in commerce and employed by an enterprise engaged in commerce within the meaning of the FLSA.

58. At all times during their employment, PLAINTIFF and the FLSA CLASS members were covered by 29 U.S.C. § 207(a).

59. At all times during their employment, DEFENDANT classified PLAINTIFF and the FLSA CLASS members' position as non-exempt for purposes of overtime compensation under the FLSA.

60. At all times during their employment, PLAINTIFF and the FLSA CLASS members' positions were not exempt for purposes of overtime compensation under the FLSA.

61. PLAINTIFF and the FLSA CLASS members' primary job duties did not involve the exercise of independent judgment.

## Count 1
### *29 U.S.C. § 207(a)*
**(Unpaid Overtime Compensation)**

62. Paragraphs 1-61 above are re-alleged and incorporated by reference as if fully set forth herein.

63. By engaging in the conduct alleged above in Paragraphs 7-30 and 37-61, DEFENDANT violated the FLSA with respect to PLAINTIFF and the FLSA CLASS members described above in Paragraph 32 by not paying them all their overtime compensation properly due at the proper rate of pay for all hours worked in excess of 40 hours in a workweek, all in violation of 29 U.S.C. §§ 207(a), 216(b).

64. By engaging in the conduct alleged above in Paragraphs 7-30 and 37-61, DEFENDANT willfully—*i.e.*, voluntarily, deliberately, intentionally, and with reckless disregard—violated the FLSA with respect to PLAINTIFF and the FLSA CLASS members described above in Paragraph 32, all in violation of 29 U.S.C. § 255.

65. As a direct and proximate result of DEFENDANT's conduct alleged above in Paragraphs 7-30 and 37-61, PLAINTIFF and the FLSA CLASS members described above in Paragraph 32 were not paid all wages due at the proper rate of pay in the manner required by the FLSA.

66. As a direct and proximate result of DEFENDANT's conduct alleged above in Paragraphs 7-30 and 37-61, PLAINTIFF and the FLSA CLASS members described above in Paragraph 32 were not paid all overtime compensation properly due them as required by the FLSA.

67. DEFENDANT's conduct giving rise to this action was not in good faith and not based on any reasonable grounds for believing such conduct did not violate the FLSA.

68. As a direct and proximate result of DEFENDANT's conduct alleged above in Paragraphs 7-30 and 37-61, PLAINTIFF and the FLSA CLASS members described above in Paragraph 32 are entitled to recover their unpaid overtime compensation and an additional equal amount as liquidated damages, pre- and post-judgment interest, and reasonable

attorney's fees and costs of this action, all through the date of entry of judgment, pursuant to 29 U.S.C. § 216(b), all in an amount to be determined at trial.

### *PRAYER FOR RELIEF*

WHEREFORE, PLAINTIFF respectfully prays that this Court enter judgment in PLAINTIFF's favor and in favor of the FLSA CLASS members described above in Paragraph 32 and against DEFENDANT for:

A. Certification of a collective-action class pursuant to 29 U.S.C. § 216(b).

B. All amounts of unpaid overtime compensation that PLAINTIFF and the FLSA CLASS members described above in Paragraph 32 would have received but for DEFENDANT's unlawful conduct, pursuant to 29 U.S.C. § 216(b).

C. An additional equal amount of all unpaid overtime compensation as liquidated damages, pursuant to 29 U.S.C. § 216(b).

D. All reasonable attorney's fees and costs of the action through entry of judgment, pursuant to the FLSA, including all reasonable attorney's fees and costs for:

(1) the time spent plus costs reasonably incurred throughout this action relating to the claim of PLAINTIFF and the FLSA CLASS members described above in Paragraph 32 under the FLSA;

(2) the time spent litigating both the entitlement to and amount of attorney's fees and costs incurred throughout this action plus costs of investigation and litigation reasonably incurred relating to the claim of PLAINTIFF and the FLSA CLASS members described above in Paragraph 32 under the FLSA, whether in connection with any settlement, compromise, any accepted offer of judgment under Fed. R. Civ. P. 68, or any other form of judgment entered pursuant to Fed. R. Civ. P. 54-58;

(3) the time spent litigating the fairness and reasonableness of any settlement, compromise, or accepted offer of judgment under Fed. R. Civ. P. 68, or any other form of judgment entered pursuant to Fed. R. Civ. P. 54-58, pursuant to and as required by *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), and

(4) the time spent explaining to PLAINTIFF and the FLSA CLASS members described above in Paragraph 32 any settlement, compromise, or accepted offer of judgment under Fed. R. Civ. P. 68, or any other form of judgment entered pursuant to Fed. R. Civ. P. 54-58.

E. Pre-judgment and post-judgment interest on all amounts awarded in this action, including lost compensation, liquidated damages, and litigation expenses including attorney's fees, costs, and costs of investigation and litigation of this action.

F.     All such other and further relief as may be deemed just and proper.

## DEMAND FOR JURY TRIAL

**PLAINTIFF demand a jury trial on all issues triable of right by a jury.**

> Respectfully submitted,
>
> **s/ *Marc Garber***
> ALAN H. GARBER
> Georgia Bar No. 283840
> ahgarber@garberlaw.net
> MARC N. GARBER
> Georgia Bar No. 283847
> mngarber@garberlaw.net
> THE GARBER LAW FIRM, P.C.
> 4994 Lower Roswell Rd Ste 14
> Marietta, GA 30068-5648
> (678) 560-6685
> (678) 560-5067 (facsimile)
>
> *Attorneys for the Plaintiff and the Putative Class*